## BROWN v. BROWN.

### Civ. A. No. 27173.

United States District Court District of Columbia.

Dec. 29, 1950.

Lawson, McKenzie & Windsor and B. V. Lawson, Jr., all of Washington, D. C., for plaintiff.

Robert W. McCullough, William T. Pace, Washington, D. C., for defendant.

MATTHEWS, District Judge.

The plaintiff wife in November 1945 obtained a legal separation from the defendant husband for cruelty. On March 8th, 1950 it was enlarged into a final decree of divorce. Before this decree could become effective to terminate the marriage by the expiration of six months, the plaintiff died

and the marriage was dissolved by her death on August 12th, 1950. By the death of plaintiff the proceedings in this cause abated. Nevertheless, two motions have since been filed. The defendant has filed one to vacate and set aside in its entirety the final decree of March 8th, 1950. The attorneys who represented the plaintiff in her lifetime oppose said motion allegedly as her attorneys despite her death, and they have also filed a motion for leave to intervene on behalf of Doris Brown Wesley who asserts she is one of two daughters and heirs at law of the deceased plaintiff.

The record shows that plaintiff and defendant owned as tenants by the entirety premises 532 Oklahoma Avenue, Northeast. It was not awarded to either party nor apportioned nor referred to in the decree of March 8th, 1950. Section 409 of Title 16 of the 1940 Code for the District of Columbia declares that "Upon the entry of a final decree of * * * divorce a vinculo * * * all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved * * *". The alleged attorneys for the plaintiff contend that under the quoted Code provision upon the *entry* of the decree plaintiff and defendant became owners of the property as tenants in common, and upon plaintiff's death her interest passed to her heirs at law. This contention appears to be correct but if defendant desires to assert a claim to the whole of the property as the alleged sole surviving tenant by the entirety, avenues are open to him for that purpose wherein all the parties affected can be served with process and given an opportunity to be heard.

An order will be entered herein striking the motions and declaring the proceedings in this cause abated by the death of plaintiff.